# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**DANET BEGNAUD CLEMENTS**　　　　**CASE NO.  6:20-CV-01205**

**VERSUS**　　　　　　　　　　　　　**JUDGE ROBERT R. SUMMERHAYS**

**SOUTHERN NATIONAL LIFE INSURANCE**　　**MAGISTRATE   JUDGE   CAROL   B.**
**CO INC**　　　　　　　　　　　　　　**WHITEHURST**

## MEMORANDUM RULING

Presently before the Court is Southern National Life Insurance Company's Motion for Summary Judgment as to the Court's ERISA Case Order of October 19, 2020 [ECF No. 11]. In the Motion, Southern National Life Insurance Company ("Defendant") seeks partial summary judgment on three specific legal issues, namely: (1) that the case is governed by and subject to the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 USC 1001, et seq., and that all state law claims and remedies are preempted thereby; (2) that the Administrative Record is complete and that the Plan grants Defendant full discretionary authority to determine eligibility for benefits and/or to construe the terms of the benefit plan; and (3) that Plaintiff exhausted, or could have exhausted all administrative remedies under the benefit plan but failed to do so. Plaintiff has stipulated to the first two issues but disputes the third issue.

## I.
### BACKGROUND

On August 15, 2019, while in the course and scope of his employment with M.C. Electric, LLC, Shawn Anthony Clements was fatally electrocuted while working at the Cote Blanche Salt Mine in St. Mary Parish, Louisiana.[1] At the time of his death, there was in full force and effect a

---

[1] ECF No. 1, Petition.

policy of Group Term Life Insurance, which included Accidental Death and Dismemberment coverage, provided to Mr. Clements as an insured by his employer and issued by Defendant, with Mr. Clements biological son, TC, as the beneficiary of the life insurance and accidental death and dismemberment policy.[2]

On June 24, 2020, Defendant issued payment in the amount of $8,750 to Plaintiff, as the natural tutor of the beneficiary, TC, under the Basic Life benefit.[3] By the same correspondence, Defendant denied benefits under the Accidental Death and Dismemberment policy pursuant to an exclusion contained in the policy which provided that benefits would not be paid for any loss caused or contributed to by "injury sustained under the influence of narcotics, unless administered on the advice of a physician."[4]

Plaintiff filed her Petition seeking recovery of the benefits under the Accidental Death and Dismemberment policy in the 16th Judicial District Court for the Parish of Iberia. Defendant subsequently filed a Notice of Removal to this Court alleging that the claims were governed by ERISA. On February 5, 2021, this Court entered an Order finding that the claims at issue were governed by ERISA based upon the joint stipulation filed by the parties.

## II.
## LAW AND ANALYSIS

As the Plaintiff has now stipulated to first two issues raised by Defendant in the motion, the Court will focus its analysis on the third issue. Defendant requests a finding that "Plaintiff exhausted, or could have exhausted but failed to do so, all administrative remedies under the Benefit Plan." Defendant asserts that on June 18, 2020, Defendant sent a letter to Plaintiff denying the claim for accidental death benefits on the grounds that the injury and death of Shawn Clements

---

[2] *Id.*
[3] *Id.*
[4] Administrative Record (ECF No. 7), p. 96.

occurred while he was under the influence of narcotics not administered on the advice of a physician. Defendant argues that the Plan provides a period of 60 days from the receipt of the denial to submit a written request to appeal and that Plaintiff failed to file any appeal. Defendant asserts that these facts establish as a matter of law that Plaintiff has exhausted or failed to exhaust her administrative remedies.

Plaintiff agrees that Defendant sent a letter to Plaintiff denying benefits but argues that the letter does not comply with the ERISA notification requirements found in 29 U.S.C. §1133 in that it fails to fully explain the reason for the denial of benefits and fails to advise Plaintiff of the process of filing an appeal.

In the reply memorandum, Defendant states that it made "substantial compliance with the procedural requirements of ERISA, and its procedures met the purpose of section 1133 and will address those in a future filing." Based on this statement, as well as the fact that neither party addressed the issue of substantial compliance, the Court assumes that Defendant is no longer seeking summary judgment on this issue.

Finally, while not raised in Defendant's motion, Plaintiff argues that the denial of benefits was an abuse of discretion. As Defendant was not seeking a ruling of that issue or a ruling to uphold the denial of benefits, the Court will not address that argument at this time.

For the foregoing reasons, the Motion for Summary Judgment [11] is GRANTED IN PART and DENIED IN PART. The Court finds: (1) that the case is governed by and subject to the provisions of the Employee Retirement Income Security Act, 29 USC 1001, et seq., and that all state law claims and remedies are preempted thereby; and (2) that the Administrative Record is complete and that the Plan grants Defendant full discretionary authority to determine eligibility

for benefits and/or to construe the terms of the benefit plan. In all other respects, the Motion for

Summary Judgment is DENIED.

THUS DONE in Chambers on this 21st day of September, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE